McKinney, J.,
delivered the opinion of the Court.
*232 A presentment was made against the defendant for selling spirituous liquors on Sunday. There was a plea in abatement, to which the Attorney General demurred; and on argument, the demurrer was overruled, and the defendant discharged. The Attorney General appealed in error, for the State.
The plea is informal, and scarcely intelligible; the question intended to be raised, however, is this: If a person, in the capacity of a grand juror, communicate to his fellow jurors the fact — within his personal knowledge — that another person was guilty of the offence of selling spirituous liquors on Sunday; and, in doing so, voluntarily implicates himself in the act, or in a similar offence ; — is he subject to prosecution for the offence of which he thus confessed himself guilty ?
It was supposed by the Circuit Judge that this case is within the spirit of sec. 5089 of the Code, which declares — that “ no witness shall be indicted for any offence in relation to which he has testified before the grand jury.”
We do not concur in opinion with his Honor the Circuit Judge.
In general, all persons possessed of the legal capacity to commit a criminal offence, are amenable to prosecution and punishment. To this general rule, some exceptions have been made, by positive law, founded upon obvious reasons of policy, justice, or fundamental law. One of these exceptions is contained in the foregoing section of the Code. This exception is to be construed strictly. The term “witness,” must be understood in the legal sense; and, as is obvious from the context, can only be applied to a person brought before the grand jury, by compulsion, to testify against others. Such person cannot be compelled to criminate himself; but, as an inducement to a full and unrestrained disclosure in regard to others, without peril to himself, it was deemed politic — in the event of his doing so — to exempt him from prosecution. Neither the letter nor spirit of this particular exemption, applies to the case of a grand juror who voluntarily criminates himself.
In this view, the demurrer should have been sustained. It should also have been sustained, on the ground that the plea *233 is repugnant, insensible, and defective both in form and substance.
Judgment reversed, demurrer sustained, and case remanded that the defendant may answer over.